# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM CARTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:07CV1053 RWS |
| ) | |
| KEITH SCHAFER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the complaint pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, the Court finds that this case was filed for an improper purpose and should be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiffs allege that they are forced to participate in treatment programs against their will through the use of a token system; that they are denied contact visits with family and friends, that they are not allowed to place telephone calls unless they earn tokens; that they are subject to being searched at any time; that they have been

medicated against their will; that defendant Englehart has ordered lower level staff to beat plaintiff Carter; that their movement within MSOTC is restricted; that they are not permitted to watch television, listen to the radio, or play video games unless they obtain tokens; that they may not go to the recreation room to exercise unless they obtain tokens; and that they are denied the privileges of tobacco and chewing gum. Plaintiffs seek declaratory, injunctive, and monetary relief.

## Discussion

As to plaintiff Carter, the lead plaintiff and the drafter of the complaint, the complaint is malicious and is abusive of the judicial process.  Carter routinely files lawsuits such as this one in order to interfere with defendants' ability to treat his mental illness.  E.g., Carter v. Englehart, 2007 WL 433261 (E.D. Mo. 2007) (summary judgment for defendant on Carter's claim that being forcibly medicated with antipsychotic drugs violated his constitutional rights); Carter v. Blake, 2006 WL 568347 (E.D. Mo. 2006) (conditions of confinement claims dismissed); Carter v. Blake, 4:06CV472 DJS (E.D. Mo. 2006) (same).

In Englehart, 2007 WL 433261 at *1-2, Carter's history of interfering with the treatment process and of his dangerous behavior towards staff is discussed.  In that case, Englehart established that it was necessary to forcibly administer Halodol and Risperdal to Carter to control his mental illnesses.  And the court found that the

"uncontroverted facts establish that the medication was in [Carter's] best interests." Id. at *6.

The circumstances and history surrounding the filing of this case and the tone of the allegations demonstrate that Carter has filed this case for an improper purpose, i.e., to harass those persons involved in treating his mental disorders and to use the federal judicial system to help him interfere with the treatment of his mental illness. As a result, this action is malicious and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because the Court has determined that the case is malicious as to Carter, the plaintiff who drafted complaint, the Court finds that the remaining plaintiffs are not properly joined and the case should be dismissed as to the remaining plaintiffs pursuant to Fed. R. Civ. P. 21. This dismissal is without prejudice. Because the case will be dismissed, all pending motions are moot.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED,** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>8th</u> Day of June, 2007.

                                        */s/ Rodney W. Sippel*
                                        RODNEY W. SIPPEL
                                        UNITED STATES DISTRICT JUDGE