# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM G. CARTER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:07CV1053 RWS |
| | ) |
| KEITH SCHAFER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Goddard's submission of an amended complaint. The Court has reviewed the amended complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e). Additionally, the Court will dismiss this action as to the other remaining plaintiffs for failure to prosecute.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state

a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Amended Complaint**

Goddard, a civilly-committed sexually violent predator[1] at the Missouri Sexual Offender Treatment Center ("MSOTC"), brings this action under 42 U.S.C. § 1983. Named as defendants are Keith Schafer (Director, Missouri Department of Health), Felix Vincenz (COO, Division of Comprehensive Psychiatric Services), Karen Adams (CEO, Southern Area of the Missouri Department of Health), Alan Blake ( COO, MSOTC), Rebecca Semar (Recreation Director, MSOTC), Jay Englehart (Medical Director, MSOTC), Linda Meade (Director of Psychology, MSOTC), and John Rosenboom (Director of Behavioral Treatment, MSOTC).  The complaint seeks monetary relief.

---

[1] See Goddard v. State, 144 S.W.3d 848, 849 (Mo. Ct. App. 2004).

Plaintiff alleges that he has been forced to cooperate in a treatment plan that uses tokens as incentives. Plaintiff claims that residents who lack tokens may not receive visits from family members or friends. Plaintiff argues that the mandatory nature of the treatment program violates his and other residents' civil rights.

**Discussion**

Liberally construing the complaint, it appears that plaintiff is asserting that the treatment program violates the Eight Amendment's prohibition against cruel and unusual punishment. To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The second requirement is subjective and requires that the inmate prove that the prison officials had a "sufficiently culpable state of mind." Id.

In his complaint, plaintiff merely alleges that he must comply with a required treatment program to receive tokens that allow him to exercise privileges. These allegations simply do not rise to the level of objective seriousness such that the Eighth Amendment is implicated. As a result, the complaint fails to state a prima facie case under § 1983. See Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Additionally, to the extent that plaintiff is challenging the constitutionality of Missouri's Sexually Violent Predators Act ("SVPA"), Mo. Rev. Stat. §§ 632.480-513, under which he is involuntarily confined, the Court notes that a ruling in favor of plaintiff would necessarily imply the invalidity of his current confinement. Habeas corpus, however, is the proper mechanism for an inmate to challenge either the fact or length of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). As a result, plaintiff is not entitled to the relief under § 1983.

Finally, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In his complaint, plaintiff did not specify which, if any, of the named defendants were personally involved in the alleged violation of his constitutional rights. For this reason as well, the complaint fails to state a claim upon which relief can be granted.

### Plaintiffs Giese and Ellis

On May 13, 2008, the Court ordered plaintiffs Giese and Ellis to file an amended complaint no later than June 2, 2008. Neither plaintiff responded to the Order. As a result, the Court will dismiss the complaint as to plaintiffs Giese and Ellis for failure to prosecute. Fed. R. Civ. P. 41(b).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Goddard's "motion for misjoinder" [#36] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of July, 2008.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE